■ KATHLEEN FEDORA, Appellant, v SUFFOLK COUNTY WATER AUTHORITY, Respondent, et al., Defendant. — Judgment of the Supreme Court, Suffolk County, entered June 27, 1980, affirmed, with $50 costs and disbursements. No opinion. (The notice of appeal from the underlying order, dated June 18, 1980, is deemed a premature notice of appeal from the judgment entered thereon [CPLR 5520, subd (c)].) Damiani, J. P., Titone, Mangano and Rabin, JJ., concur.

■ BARBARA HERMAN, Appellant, v NEAL HERMAN, Respondent. — In a matrimonial action in which the parties had been granted a judgment of divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law, plaintiff appeals from an order of the Supreme Court, Kings County, dated October 31, 1980, which, *inter alia,* vacated a prior order of the same court, entered May 16, 1980, granted defendant's motion to vacate all executions pursuant to the May 16, 1980 order, and denied plaintiff's cross motion for a money judgment for alimony and support arrears, an order pursuant to section 49-b of the Personal Property Law and a counsel fee. Order modified, on the law, by deleting the first and fifth decretal paragraphs and substituting for the fifth decretal paragraph a provision denying so much of the plaintiff's cross motion as sought a counsel fee in connection with the instant motion and cross motion. As so modified, order affirmed, without costs or disbursements. The defendant's time to pay the counsel fee awarded in the order entered May 16, 1980 is extended until 20 days after service upon him of a copy of the order to be made hereon with notice of entry. The case is remitted to Special Term for further proceedings consistent herewith. Special Term properly vacated all executions and restraining subpoenas and notices, in view of the fact that the money due under the May 16, 1980 order — with the exception of the counsel fee — had already been paid at the time the order was entered. Nonetheless, Special Term should not have vacated the May 16, 1980 order in its entirety. With the exception of the final decretal paragraph, the order was consistent with the court's September 18, 1979 decision. On remittitur, Special Term should consider whether the final decretal paragraph of the May 16, 1980 order should be resettled so as to provide for the elimination of the husband's obligations to pay alimony, in accordance with the September 18, 1979 decision. We express no opinion as to the merits of that issue. Additionally, a hearing is required to determine whether plaintiff is entitled to alimony or child support arrears, and whether a wage deduction order should be entered pursuant to section 49-b of the Personal Property Law. In view of the conduct of plaintiff's attorney, he is not entitled to a counsel fee for his work in connection with the instant motion and cross motion. Damiani, J. P., Titone, Mangano and Rabin, JJ., concur.